REDMANN, Judge.
On exception of lis pendens, the trial court in St. Charles parish in this action “ordered, adjudged and decreed” that plaintiffs should dismiss a similar action pending in Orleans parish. Over two months later, one defendant moved and obtained dismissal of this action because of plaintiffs’ failure to dismiss the Orleans action. Four months later plaintiffs filed a petition to annul on the grounds that “no notice was given of the date . . . the rule for dismissal was to be heard.” Plaintiffs alleged they had mailed a motion to dismiss in Orleans which was apparently not (received? or) acted upon.
The trial court’s dismissal of the action of nullity, here appealed, was correct because the ground alleged is not within La.C.C.P. 2002 or 2004. However, we conclude that this appeal also brings before us the judgment dismissing the original action.
Plaintiffs aver in brief that they received “no notice from the court of said judgment.” Accepting this averment in the absence of any certificate of notice by the clerk (C.C.P. 1913 requires more than an undated and unsigned notation “copies sent to all counsel”), we note that when plaintiffs learned that their action had been dismissed, they still had time to appeal because of the lack of notice, C.C.P. 1913, necessary to start the running of the periods for new trial, C.C.P. 1974, and appeal, C.C.P. 2087. Plaintiffs’ petition for nullity was the equivalent of an application for new trial, and, when the trial judge finally dismissed that petition, that dismissal was the equivalent of a refusal of a new trial, from which the ordinary appeal time began to run.
We therefore treat plaintiffs’ appeal from the judgment dismissing the action of nullity as also constituting a timely appeal from the original judgment dismissing the original action. We amend that judgment to provide for a delay within which plaintiffs must dismiss the Orleans action or suffer dismissal of this action.
The judgment appealed from dismissed on ex parte motion of one defendant because of plaintiffs’ failure to dismiss the Orleans action. The form of the earlier judgment ordering dismissal of the Orleans judgment was:
It Is Ordered, Adjudged and Decreed that:
1. Plaintiff shall dismiss action No. 528-243 on the docket of the Civil District Court for the Parish of Orleans.
2. Plaintiff shall file the necessary orders to show procedural capacity [for minor plaintiffs] within 10 days or have this action dismissed.
That earlier judgment, by its physical placement of the delay period in paragraph 2 alone, thus fixed a ten-day delay within which to remove the dilatory exception’s objection to procedural capacity, but it did not fix a delay within which to remove the declinatory exception’s objection to the pendency of the Orleans action. C.C.P. 932 provides that the judgment sustaining the declinatory exception shall order plaintiff to remove removable grounds of the exception “within the delay allowed by the court.” Because it must be said that the earlier judgment did not fix the delay for dismissing the Orleans action, despite the clear oral instruction by the trial judge at trial of the exception, we conclude that the appropriate judgment on the motion to dismiss for noncompliance was a judgment fixing the delay. Thereafter, in case of noncompliance within that delay, dismissal would be appropriate.
The judgment of dismissal of the action of nullity is therefore affirmed, and the judgment dismissing the original action is therefore amended to order dismissal of this action upon plaintiffs’ failure, within a de *703 lay to be fixed by the trial court, to dismiss the Orleans action. All costs of this appeal are to be borne by plaintiffs.